## VAN SENDEN et al. v. WILKINSON et al.
### No. 5572.

Court of Appeals of the District of Columbia.

Argued Nov. 7, 1932.

Decided March 6, 1933.

Webster Ballinger, of Washington, D. C., for appellants.

Charles H. Houston, William L. Houston, Chas. A. Douglas, Edmund D. Campbell, Alfred Cereeo, F. G. Matson, and A. B. Landa, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District. The allegations of the bill filed by appellees as plaintiffs are substantially as follows: On May 29, 1929, the Loehler Construction Company (a defendant below, but not a party to this appeal) purchased from the National Benefit Life Insurance Company three improved pieces of real estate located in the District of Columbia. As part consideration the construction company gave the Life Insurance Company its notes in the aggregate sum of $70,000, secured by three first deeds of trust on the respective properties. On the same day the construction company executed three second deeds of trust on the several properties, securing its notes in the aggregate principal sum of $39,500, of which $5,000 was secured by principal lien under second deed of trust on one of the properties, and $15,000 secured by deferred lien under the same deed of trust on the same property; the balance of $19,500 being secured by preferred liens under the second deeds of trust on the other properties. (This deferred lien was therefore in effect a third trust.) The preferred second trust notes in the aggregate sum of $24,500 were delivered by the construction company to plaintiffs Wilkinson, David, Solomon, and Gary & Risher, Inc., on account of indebtedness to them.

Thereafter, on June 13, 1929, the construction company, being indebted to Herman W. Van Senden, delivered to Van Senden (since deceased) $10,000 of the deferred lien notes. On the same day the construction company executed and delivered to Van Senden an "Assignment and Power of Attorney," by which the construction company assigned and set over to Van Senden all rents and profits issuing out of the premises securing plaintiff's second trust notes; Van Senden to collect the rents and profits, and, after deducting the usual commission for that service, to apply the net rents "first to the payment of all interest and other charges under indebtednesses secured by liens senior to the liens securing the aforementioned notes for $10,000" deposited with Van Senden; after such payment, to apply any balance "to any

interest, bonus, or commissions, or principal indebtedness owed" Van Senden by the construction company; the agreement "to be in full force and effect until the said indebtedness, principal, interest and charges, has been discharged in full." The instrument was formally acknowledged by the construction company and accepted by Van Senden, who up to the time of his death, which occurred October 4, 1929, collected the rents from the properties involved, and from that date to the time of the foreclosure of the second trust (June 20, 1930) the administrators continued to collect the rents.

It is alleged that Van Senden and his administrators paid certain taxes on the properties and certain interest on notes held by the plaintiffs, but, contrary to the terms of the trust agreement, and in violation thereof, failed and refused to apply the balance as provided by the assignment agreement. After crediting the proceeds of the foreclosure sale, there remained unpaid on the notes held by plaintiffs a sum in excess of the net rents received by Van Senden and his administrators and not theretofore disbursed on account of second trust liens.

Plaintiffs prayed that the defendant administrators be required to account to them for rents in accordance with the provisions of the assignment agreement. Plaintiffs also asked for a money decree against the construction company for any deficiency on the notes remaining unpaid after the application of payments from the Van Senden administrators.

Motions to dismiss the bill having been overruled, Van Senden's administrators and the construction company filed their respective answers.

The answer of the construction company denied that there was any consideration for the execution of the second trusts or that it owed an indebtedness represented by the notes secured thereby.

On plaintiffs' motion, the answer of the administrators was stricken, and, they electing not to ask leave to file an amended answer, the court entered a decree against them, declaring them liable to the plaintiffs for an accounting for moneys received by them and Van Senden by way of rents from the properties involved under and by virtue of the assignment agreement. The cause was referred to the auditor. Hearings were held. The auditor filed a report, to which both the administrators and the construction company filed exceptions. The exceptions of the administrators were overruled, and a decree entered against them. This appeal is from that decree.

The decree recites: "That none of the findings of fact or conclusions of law embodied in this decree shall be held to apply or to affect the rights of the defendant G. G. Loehler Construction Co., Inc., in this cause." The answer of the construction company, it is conceded by appellants' counsel, puts in issue the validity of the second trust notes held by plaintiffs, and that issue must be determined before the decree herein can be said to be final. Collins v. Miller, 252 U. S. 364, 370, 40 S. Ct. 347, 64 L. Ed. 616.

It results that this appeal must be, and is, dismissed, with costs, but without prejudice.

Dismissed.